IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RONALD BERNARD WILLIAMS                                                    PLAINTIFF

vs.                                         Civil No. 4:09-cv-04016

MICHAEL J. ASTRUE                                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Ronald Bernard Williams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 2).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed his application for DIB on December 28, 2005. (Tr. 49, 42-44). Plaintiff alleged he was disabled due to back and knee pain, hearing loss, acid reflux, chronic fatigue syndrome, PTSD, left shoulder problems, and sleep apnea. (Tr. 73, 1109-1110). Plaintiff alleged an onset date of April 21, 2005. (Tr. 42, 49). This application was initially denied on March 20, 2006 and was denied again on reconsideration on November 9, 2006. (Tr. 20-21). On January 4,

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

2007, Plaintiff requested an administrative hearing on his application. (Tr. 35). This hearing was held on January 29, 2008 in Texarkana, Arkansas. (Tr. 1100-1122). Plaintiff was present and was represented by counsel, Charles Barnette, at this hearing. *See id.* Plaintiff, Vocational Expert ("VE") William Elmore, and Tamara Williams (Plaintiff's wife) testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had double Associate's Degrees in criminal justice and law enforcement technology. (Tr. 1103). Plaintiff had also received some training while in the military, including leadership classes and advanced courses. (Tr. 1104).

On August 22, 2008, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 11-19). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2009. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 21, 2005, his alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: status post arthroscopic surgery of the left knee for medial meniscal tear, tibia condyle chondromalacia and partial meniscectomy, low back pain, and left shoulder degenerative joint disease. (Tr. 13-15, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15-18). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *See id.* Second, the ALJ determined, based upon the review

of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b).

(Tr. 15, Finding 5). According to 20 C.F.R. § 404.1567(b), the "full range of light work" includes the following:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

*See* 20 C.F.R. § 404.1567(b).

The ALJ then evaluated Plaintiff's PRW. (Tr. 18, Finding 6). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 1100-1122). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a corrections officer and police officer. (Tr. 18, Finding 6). Considering his RFC, the ALJ determined Plaintiff was unable to perform any of this PRW. *See id.* The ALJ then evaluated whether, consider his age, education, work experience, and RFC, Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 18-19, Finding 10). To determine whether Plaintiff could perform other work considering her vocational factors, the ALJ relied upon the Medical-Vocational Guidelines (the "Grids"). *See id.* Specifically, the ALJ applied Rule 202.22 based upon Plaintiff's RFC, age, education, and work experience and found it directed a result of "not disabled." (Tr. 19). Based

3

upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from April 21, 2005 through the date of his decision or through August 22, 2008. (Tr. 19, Finding 11).

On August 22, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6-7). *See* 20 C.F.R. § 404.968. On February 18, 2009, the Appeals Council declined to review this unfavorable decision. (Tr. 3-5). On March 16, 2009, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on March 20, 2009. (Doc. No. 2). Both parties have filed appeal briefs. (Doc. Nos. 5-6). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. (Doc. No. 5, Pages 1-7). Specifically, Plaintiff claims the following: (A) the ALJ's RFC determination is not supported by substantial evidence in the record and (B) the ALJ's Step Five determination is not supported by substantial evidence in the record. *See id.* In response, Defendant argues the ALJ properly discredited Plaintiff's subjective complaints and determined his RFC. (Doc. No. 6, Pages 4-8). Defendant also argues that substantial evidence supports the ALJ's finding that there are a significant number of jobs existing in the national economy that Plaintiff can perform. *See id.* at 9-10. This Court will address both Plaintiff's arguments for reversal.

    **A.**    **RFC Determination**

Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record. (Doc. No. 5, Pages 2-7). Specifically, Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence because the ALJ improperly discounted his subjective complaints under *Polaski*. *See id.* In response, Defendant argues that the ALJ fully complied with the requirements of *Polaski* and that his RFC determination should be affirmed. (Doc. No. 6, Pages 4-8). Defendant claims, "the record shows that the ALJ properly discussed and analyzed Plaintiff's subjective allegations before assessing his residual functional capacity." *See id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, this Court finds no error with the ALJ's *Polaski* evaluation. As an

---

symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

initial matter, the ALJ did not expressly outline the *Polaski* factors in his opinion. (Tr. 11-19). The ALJ, however, was not required to state those factors because he conducted a credibility analysis pursuant to 20 C.F.R. § 404.1529. (Tr. 15). *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007) (affirming the ALJ's disability determination and holding "[a]lthough the ALJ never expressly cited *Polaski* (which is our preferred practice), the ALJ cited and conducted an analysis pursuant to 20 C.F.R. §§ 404.1529 and 416.929, which largely mirror the *Polaski* factors").

Notably, the ALJ considered Plaintiff's subjective allegations, the factors from 20 C.F.R. § 404.1529, the record, and made the following findings: (1) Plaintiff worked for many years "quite successfully" despite his thoracic complaints; (2) Plaintiff was released to return to work within a few weeks after his knee surgery; (3) Plaintiff had been on pain medications for many years "with no reported side effects"; and (4) Plaintiff stated he lost his job as a police officer "because he lived his ethics," not because of an alleged disability. (Tr. 18). These findings are sufficient to satisfy the requirements of *Polaski*. *See Cox,* 471 F.3d at 907 (deferring to the ALJ's credibility determination because it was "supported by good reasons and substantial evidence"). Therefore, this Court affirms the ALJ's RFC determination.

### B. Step Five Determination

Plaintiff claims the ALJ's Step Five determination is not supported by substantial evidence in the record. (Doc. No. 5, Pages 5-6). Plaintiff claims the ALJ erred by not posing proper hypothetical questions regarding Plaintiff's ability to perform other work. *See id.* In response, Defendant argues that substantial evidence supports the ALJ's finding that there are significant number of jobs existing in the national economy Plaintiff can perform. (Doc. No. 6, Pages 9-10). Defendant argues that the ALJ was not required to pose hypothetical questions to the VE because the Grids properly directed a conclusion of "not disabled." *See id.*

In determining whether a claimant is disabled, an ALJ must first assess the claimant's RFC. *See* 20 C.F.R. § 404.1520(a)-(f). After assessing the claimant's RFC, the ALJ must then evaluate whether the claimant can perform his or her PRW. *See id.* If the ALJ finds the claimant cannot perform his or her PRW, then the burden then shifts to the SSA to prove there are other jobs existing in the national economy the claimant can perform. *See Cox,* 160 F.3d at 1206. The ALJ can meet this burden through the use of testimony from a vocational expert. *See id.* The ALJ can also meet this burden through the use of the Grids. *See Foreman v. Callahan,* 122 F.3d 24, 25 (8th Cir. 1997). The Grids are "fact-based generalizations about the availability of jobs for people of varying ages, educational backgrounds, and previous work experience, with differing degrees of exertional impairment." *See id.*

The Grids, however, should not be used in every disability case. For example, where a person cannot perform a full range of work (such as sedentary, light, etc.), the grids cannot be applied. *See Foreman,* 122 F.3d at 26 (holding that "[t]he grids, consequently, do not accurately reflect the availability of jobs to people whose impairments are nonexertional, and who therefore cannot perform the full range of work contemplated within each table"). In such cases, the ALJ must use the testimony of a VE and cannot use the grids. *See id.*

In the present action, the ALJ found Plaintiff could perform the full range of light work. (Tr. 15, Finding 5). There is no evidence before this Court indicating Plaintiff is unable to perform the full range of light work, and there is no evidence that any of Plaintiff's impairments, singularly or in combination, are disabling. Plaintiff claims he is disabled due to back and knee pain, hearing loss, acid reflux, chronic fatigue syndrome, PTSD, left shoulder problems, and sleep apnea. (Tr. 73, 1109-1110). However, as the ALJ noted, Plaintiff worked for many years despite his back problems. (Tr. 18). Despite his knee pain, Plaintiff was released to work within a few weeks after his knee

9

surgery. *See id.* Despite his complaints of hearing loss, the VA medical records indicate that Plaintiff's "hearing acuity was within normal limits at 500-4000 Hz bilaterally." (Tr. 13). There are few medical records supporting his claim of being disabled due to acid reflux. *See id.* Furthermore, Plaintiff has not established his alleged chronic fatigue syndrome, PTSD, left shoulder problems, and sleep apnea are disabling. Accordingly, because Plaintiff did not establish he was unable to perform the full range of light work, this Court finds no error with the ALJ's application of the Grids.

## 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of January, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE